GAUDIN, Judge.
This is an appeal by William T. Dixon from a judgment of the 24th Judicial District Court which allowed 50 per cent of his monthly pension checks to be garnished because of past due and unpaid child support.
The judgment did not award to Dixon damages and attorney fees for wrongful seizure. An earlier garnishment had sought and seized 100 per cent of one of Dixon’s monthly pension checks.
For the following reasons, we affirm the district court judgment of August 21,1991.
On January 11, 1989, an executory judgment was signed ordering Dixon to pay $15,000.00 for unpaid child support from 1984 to 1988.
In February, 1991, a garnishment was served on Dixon’s pension fund seizing 100 per cent of $406.00 due that month. This exceeded the 50 per cent allowed by LSA-R.S. 13:3881 and 15 U.S.C.A. § 1673. The pension fund notified Mrs. Dixon’s attorney of this and at the same time held the excess garnishment in escrow. The mistake was immediately corrected by Mrs. Dixon’s counsel. Dixon did not have to retain an attorney and he sustained only a very temporary loss of pension money. At trial, Dixon provided no evidence of being hurt, financially or otherwise, by the excess garnishment.
The record fully supports the trial judge’s refusal to award damages and attorney fees for the inadvertent garnishment order.
The record further supports the judgment permitting garnishment of $203.00, which is less than 50 per cent of Dixon’s disposable earnings. Dixon is employed by the Santa Rosa Island Authority, earning at least $200.00 monthly as a toll booth attendant. He did not present precise evidence of any qualified deductions which could have reduced his disposable income to less than $406.00.
Finally, we note that 50 per cent of disposable income can be garnished' for child support. There are no state or federal prohibitions.
Dixon is to bear all costs of this appeal.
AFFIRMED.